# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| CHANDRA L. BERRY, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:18-cv-02689-SHL-dkv |
| OCWEN LOAN SERVICING, | ) ) | |
| Defendant. | ) ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON OCWEN'S MOTION FOR SANCTIONS AND TO DISMISS

Before the Court is the Chief Magistrate Judge's Report and Recommendation on Ocwen's Motion for Sanctions and to Dismiss, filed February 11, 2020. (ECF No. 130.) Plaintiff objected on February 27, 2020. (ECF No. 135.) For the reasons set forth below, the Chief Magistrate Judge's Order is **ADOPTED**, Defendant's Motion to Dismiss is **GRANTED in Part and DENIED in Part**[1] and this case is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

On August 27, 2018, Plaintiff, proceeding *pro se*, filed three separate cases in the General Sessions Court of Shelby County, Tennessee, against various defendants for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq., among other claims, all of which were removed to this court by Defendants.[2] The Court referred all three cases to Chief Magistrate Judge Vescovo for management and resolution of all pretrial matters. (Order of Ref., ECF No. 16.)

---

[1] Defendant requests costs and fees. The Court declines to grant this request.

[2] Case No. 18-2654-SHL-dkv; Case No. 18-2689-SHL-dkv; Case No. 18-2721- SHL-dkv.

The Court consolidated the cases for discovery and mediation on December 12, 2018. (Order, ECF No. 27.)

On October 10, 2019, Defendant filed a motion to sanction Plaintiff, dismiss the complaint and award attorney's fees. (ECF No. 113.) The basis for Defendant's motion is Plaintiff's failure to provide discovery. (Id.) Plaintiff filed a response in opposition on October 25, 2019 (ECF No. 117) and Defendant replied on November 1, 2019. (ECF No. 117.) On February 2, 2020, the Chief Magistrate Judge issued a Report and Recommendation on Defendant's Motion, recommending it be granted and the complaint be dismissed with prejudice. (ECF No. 130.) Plaintiff filed objections on February 27, 2020. (ECF No. 135.)

## STANDARD OF REVIEW

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews *de novo* only those proposed findings of fact or conclusions of law to which a party specifically objects. Id.; see also Fed. R. Civ. P. 72(b)(3).

## FINDINGS OF FACT[3]

Defendant first served Plaintiff with discovery requests in March 2019. (ECF No. 114.) Plaintiff failed to properly respond, in violation of both the applicable rules and multiple court orders. On April 29, 2019, Ocwen filed a motion to compel Berry to fully respond to its discovery requests (ECF No. 50), which the Court granted on June 10, 2019. (ECF No. 67). In

---

[3] Plaintiff only objects to a single factual objection, which is noted. Therefore, the findings of fact are found in both the record itself and the Chief Magistrate Judge's Report and Recommendation.

the June 2019 order, Berry was "directed to provide full and complete discovery responses to Ocwen's discovery requests on or before Friday, June 28, 2019." (Id.) On June 21, 2019, Berry responded to each one of Ocwen's requests for production, interrogatories, and requests for admission with the following single "untimeliness" objection:

> Plaintiff objects to this request on the basis that Defendant's First Request is untimely. According to the Court, the untimeliness objection raised to the request was not waived by Plaintiff. Plaintiff was not served sufficiently in advance of the March 29, 2019 discovery [document production] deadline. Defendant served the request for production by email on March 11, 2019. Discovery response would have been due on or about April 10, 2019 - after the close of discovery. In light of the party's initial confer to establish deadline dates, pursuant to Rule 26(f) and Defendant's Standard Track Scheduling Order, pursuant to Rule 16.2, and furth [sic] as stated in the Court's Scheduling Order (ECF No. 26), the language is clear that "[a]ll discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date." *See Law v. Bd. Of Trs. Of Dodge City Cmty. Coll*., No. 08-1212-JTM-DWB, 2009 WL 973561, at *1 n.2 (D. Kan. Apr. 10, 2009)(noting that written discovery must be served early enough to allow the full 30 day period for answers or responses.

(ECF No. 82-3.) Defendant then filed a motion to sanction Plaintiff and dismiss the complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 37(b) and 41(b), or, in the alternative, to compel Plaintiff to fully respond to Defendant's discovery requests. (ECF No. 81.)

On August 6, 2019, the Court entered an order granting in part and denying in part Defendant's motion for sanctions. (ECF No. 89.) The Court declined to dismiss the complaint at that time because Plaintiff had not yet been warned of the possible penalty of dismissal for failure to comply with proper discovery requests and the Court's orders. Instead, the Court ordered Berry "to provide full and complete discovery responses without objections to Ocwen's discovery requests within seven (7) days of the entry of this order" and to pay for Ocwen's reasonable expenses, including attorney fees. (Id. at

3

PageID 1074.) Berry was also explicitly warned: "that, henceforth, failure to comply with proper discovery obligations, discovery requests, or other orders of this court will lead to dismissal of the complaint."[4] (Id.)

On August 13, 2019, Berry appealed and applied for a stay of the August 6, 2019 order. (ECF Nos. 92, 93.) On September 19, 2019, this Court affirmed the Chief Magistrate Judge's August 6, 2019 Order and again directed Berry to "provide full and complete discovery responses without objections to Ocwen's discovery requests within seven (7) days of the entry of this Order." (ECF No. 111.) Berry did not comply.

## **ANALYSIS**

Ocwen asks the Court to sanction Berry by dismissing this lawsuit, with prejudice, pursuant to Rules 37(b)(2)(A) and 41(b). The Federal Rules of Civil Procedure authorize courts to impose sanctions for a party's failure to comply with discovery orders. ECIMOS, LLC v. Nortek Glob. HVAC, LLC, 736 F. App'x 577, 582 (6th Cir. 2018)(citing Fed. R. Civ. P. 37(b)(2)(A) & 41(b)). "Courts also possess inherent power to tailor sanctions when bad faith occurs." Id. Possible sanctions include dismissal of the complaint with prejudice. Id. Four factors are relevant when determining whether dismissal of the complaint is an appropriate sanction: "'(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions

---

[4] Despite this language, Plaintiff avers now that "[t]he Magistrate Judge failed to recognize that Plaintiff was not expressly warned that failure to comply with the discovery Order could lead to dismissal. . . ." (ECF No 135, PageID 1609.) The Court finds that Plaintiff's objection to this fact is meritless.

were imposed or considered before dismissal was ordered.'"[5] Id. (quoting Universal Health Grp. v. Allstate Ins. Co., 703 F.3d 953, 956 (6th Cir. 2013)).

The Chief Magistrate Judge recommended that the Court dismiss the complaint with prejudice. (ECF No. 130.) Specifically, she found that Plaintiff acted in bad faith in her failure to participate in the discovery process which led to prejudice to Defendant. Her actions were in defiance of the applicable rules and multiple court orders. Plaintiff was specifically warned of dismissal as a potential outcome and less severe methods, including the award of costs and attorneys fees, were ineffective. For these reasons, the Chief Magistrate Judge recommended dismissal with prejudice under both FRCP 37 and 41(b).

Plaintiff objects "on the following grounds: 1) Plaintiff met its burden of providing full and complete discovery responses to each and separate request and where the *timeliness* objection was never waived; 2) unwarranted sanctions imposed on Plaintiff; and 3) Plaintiff has suffered prejudice." (ECF No 135, PageID 1604) (emphasis in original.)

## I. First Objection-Plaintiff Alleges that She has Complied with Discovery Obligations

Plaintiff's first objection rests on her attempt to catch Defendant in a discovery violation, all while simultaneously failing to participate in discovery herself, blatantly violating both the applicable rules and multiple Court orders. Plaintiff points to the fact that the scheduling order sets a March 29, 2019 deadline for "document production, interrogatories, and admissions" and argues that Defendant did not submit a request "in sufficient time to allow Plaintiff to respond prior to the . . . deadline." (ECF Nos. 26; 117 at PageID 1519.) She avers that she "never failed to meet [her] burden of providing full and complete discovery responses where the timeliness

---

[5] Plaintiff agrees that this is the legal standard, as it is cited in her objection. (ECF No. 135, PageID 1605.)

5

objection was never waived." (ECF No. 135, PageID 1606.) This argument is as worn out as it is unconvincing.

Plaintiff's objection ignores the fact that she received written orders on at least three occasions instructing her to comply with her discovery obligations, <u>after</u> she first raised her untimeliness argument.[6] In the face of the Court's rejection of this argument, she has chosen to ignore the Court's orders and instead rely on her own understanding of how discovery works.[7] Plaintiff has been given incredible leeway as to her legal obligations but has squandered her opportunities with a misguided objection based on timeliness. Even if Plaintiff's objection were valid, voluntarily failing to participate in discovery and ignoring clear court orders is not an appropriate remedy. Therefore, just as the Chief Magistrate Judge concluded, this Court finds that Plaintiff has acted in bad faith.

## II.     Second Objection-"Unwarranted Sanctions"

Plaintiff next argues that "[t]he Magistrate Judge failed to recognize that Plaintiff was not expressly warned that failure to comply with the discovery Order could lead to dismissal. . . ." (ECF No 135, PageID 1609.) However, Plaintiff's position is contradicted by the Court's written orders: "that, henceforth, failure to comply with proper discovery obligations, discovery

---

[6] See, e.g., Order Granting Ocwen's Mot. to Compel, ECF No. 67 ("Berry is directed to provide full and complete discovery responses to Ocwen's discovery requests on or before Friday, June 28, 2019."); Order Granting in Part and Denying in Part Ocwen's Mot. for Sanctions, ECF No. 89 ("Berry is directed to provide full and complete discovery responses without objections to Ocwen's discovery requests within seven (7) days of the entry of this order. Berry is warned that, henceforth, failure to comply with proper discovery obligations, discovery requests, or other orders of this court will lead to dismissal of the complaint."); Order Affirming Chief Magistrate Judge's Order Granting in Part and Denying in Part Ocwen's Mot. for Sanctions, ECF No. 111 ("Ms. Berry is ordered to provide full and complete discovery responses without objections to Ocwen's discovery requests within seven (7) days of the entry of this Order.").

[7] This is not the first time that Plaintiff chose to ignore the Court's orders and instead attempt to do things her own way. (<u>See</u> ECF. No 132.)

requests, or other orders of this court will lead to dismissal of the complaint." (ECF No. 89, PageID 1074.) This objection is overruled.

## III. Third Objection-Plaintiff Alleges that She has Suffered Prejudice

In this objection, Plaintiff boldly requests that the Court award her expenses and costs[8] for litigating this case. She concludes "it was clear error to conclude that good cause was shown where the deliberate circumvention of the Scheduling Order by Defendant and its counsel prejudiced the ability of Plaintiff to litigate her claims on the merits." (ECF No. 135, PageID 1609.) However, Plaintiff's statement is neither a proposed finding of fact nor proposed conclusionof law in the Chief Magistrate Judge's Report and Recommendation. Any party objecting to a report and recommendation is required to "file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews *de novo* only those proposed findings of fact or conclusions of law to which a party specifically objects. Id.; see also Fed. R. Civ. P. 72(b)(3). Because this is not a valid objection, the Court declines to further analyze Plaintiff's purported objection.

## CONCLUSION

Applying the standard in Universal Health Group, the Court finds that Plaintiff acted in bad faith, Defendant has been significantly prejudiced by the delay solely attributable to Plaintiff's bad faith, Plaintiff was explicitly warned of the potential consequence of dismissal and less drastic sanctions were imposed but did not work. See Universal Health Grp. v. Allstate Ins. Co., 703 F.3d 953, 956 (6th Cir. 2013)).

---

[8] While it is not clear how much Plaintiff is requesting, she avers that litigating this case has cost her $101,085.65 to date. (ECF No. 135-1, PageID 1613.) Nearly all this cost is for her time—her hourly rate is $350.

After *de novo* review, the Chief Magistrate Judge's Order is **ADOPTED**, Defendant's Motion to Dismiss is **GRANTED in part and DENIED in part** and this case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED,** this 9th day of March, 2020.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE